## Case No. 5,773.

### In re GREENFIELD.

[6 Blatchf. 287.][1]

Circuit Court, S. D. New York. Dec. 24, 1868.[2]

BANKRUPTCY—APPLICATION FOR DISCHARGE.

The 29th section of the bankruptcy act of March 2, 1867 (14 Stat. 531), requires a bankrupt to apply for a discharge from his debts within one year from the adjudication of bankruptcy, only in cases where, by reason of no debts having been proved against him, or of no assets having come to the hands of his assignee, he can apply for a discharge within less than six months from such adjudication.

[Cited in Re Gallison, Case No. 5,203; Re Sloan, Id. 12,945.]

This was a petition for a review of an order of the district court, refusing a discharge to [Thompson Greenfield], a bankrupt.

[The opinion of the district court, which is reported in full in 6 Blatchf. 287, is here published as Case No. 5,774.]

Sullivan & Bracken, for bankrupt.

---

## Case No. 5,774.

### In re GREENFIELD.

[2 N. B. R. 298 (Quarto, 98);[3] 1 Chi. Leg. News, 123.]

District Court, S. D. New York. Dec. 14, 1868.[4]

BANKRUPTCY—APPLICATION FOR DISCHARGE.

Where a bankrupt had failed to apply for a discharge until the expiration of a year from the adjudication in bankruptcy, a discharge must be refused.

[Cited in Re Sloan, Case No. 12,945; Re Martin, Id. 9,153; Re Watson, Id. 17,273; Watson v. Reynolds, Id. 17,275.]

---

[1] [Reported by Hon. Samuel Blatchford. District Judge, and here reprinted by permission.]

[2] [Reversing Case No. 5,774.]

[3] [Reprinted from 2 N. B. R. 298 (Quarto, 98), by permission.]

[4] [Reversed in Case No. 5,773.]

[In bankruptcy. In the matter of Thompson Greenfield.]

Sullivan & Bracken, for bankrupt.

BLATCHFORD, District Judge. The adjudication of bankruptcy was made on a voluntary petition on the 28th of August, 1867. On the 22d of October, 1868, the bankrupt petitioned for his discharge. The petition is in the form of form No. 51, and does not state that either no debts have been proved against the bankrupt, or that no assets have come to the hands of the assignee. The question arises whether a discharge must be withheld for the reason that the bankrupt failed to apply to the court for a discharge from his debts within one year from the adjudication of bankruptcy? It has been decided by the district court, for the Northern district of New York, in Re Willmot [Case No. 17,778], that section twenty-ninth of the act [of 1867 (14 Stat. 531)], requires that in all cases a discharge must be applied for within one year from the adjudication of bankruptcy, and if it be not applied for within that time, it cannot be granted. Such is also the view of the authors of two elementary works on the statute. Avery & H. Bankr. Law, p. 210; James, Bankr. Law, p. 133. My attention has not been called to any other authority on the subject. I have serious doubt whether this is the proper construction of the twenty-ninth section. The language of that section is, "that at any time after the expiration of six months from the adjudication of bankruptcy, or if no debts have been proved against the bankrupt, or if no assets have come to the hands of the assignee, at any time after the expiration of sixty days, and within one year from the adjudication of bankruptcy, the bankrupt may apply to the court for a discharge from his debts." It is contended that the provision consists of two parts, and is to be read as if it were worded thus: (1.) At any time after the expiration of six months from the adjudication of bankruptcy, and within one year from the adjudication of bankruptcy, the bankrupt may apply, &c. (2.) If no debts have been proved against the bankrupt, or if no assets have come to the hands of the assignee, the bankrupt may, at any time after the expiration of sixty days from the adjudication of bankruptcy, and within one year from the adjudication of bankruptcy, apply, &c. There is no doubt that the privilege granted by the act must be enjoyed, if at all, subject to the conditions and limitations as to the time of applying for the discharge, which are imposed by the act. The only question is as to what are the limitations?

In order to maintain the construction which would withhold a discharge in this case, the words: "and within one year from the adjudication of bankruptcy," must be held to apply equally to, and to be connected equally with, and to qualify equally, each

one of the two branches of the same sentence which precedes them therein; the one branch consisting of the words: "at any time after the expiration of six months from the adjudication of bankruptcy," and the other branch consisting of the words: "if no debts have been proved against the bankrupt, or if no assets have come to the hands of the assignee, at any time after the expiration of sixty days." Now the first of such branches contains a complete idea in itself—"at any time after the expiration of six months from the adjudication of bankruptcy," without any aid from anything contained in the subsequent words: "and within one year from the adjudication of bankruptcy." But the second of such branches does not contain a complete idea in itself. It merely says that in the case of no debts proved, or in the case of no assets, then at any time after the expiration of sixty days; but it does not state where the computation of sixty days is to commence. The idea would have been complete if it had said, "after the expiration of sixty days from the adjudication of bankruptcy." The words: "from the adjudication of bankruptcy," must be supplied in the second of such branches from some source, otherwise it has no meaning. Those words are found in the first of such branches, and if they had been transplanted from their position in the first of such branches and placed in the second of such branches after the words, "sixty days," there would have been no doubt whatever that the words, "and within one year from the adjudication of bankruptcy," were intended and must have been held to qualify and apply to both of such branches. But in judicial construction such transplanting would be a forced process. In the use of written language qualifying words generally relate back to something that precedes, and do not reach forward to something that follows. The words, "from the adjudication of bankruptcy," which are needed to make sense of the second of such branches, are found immediately following it in the words, "and within one year from the adjudication of bankruptcy," and naturally relate back to, and apply to, and qualify, the second of such branches, so as to make it read: "at any time after the expiration of sixty days, and within one year from the adjudication of bankruptcy." Now, if the clause, "and within one year from the adjudication of bankruptcy," be thus necessarily adjunct and auxiliary to the second of such branches, in order that it shall have any sensible meaning, such clause thereby becomes an integral part of the second of such branches, and the sentence thus resolves itself into two members which provide severally, (1) That at any time after the expiration of six months from the adjudication of bankruptcy, but not sooner, the bankrupt may apply, &c.; (2) That if no debts have been proved or there are no assets, he may apply at any time after the

expiration of sixty days from the adjudication of bankruptcy, and not sooner, provided he applies within one year after such adjudication. In this view, if debts have been proved and there are assets, he is obliged to wait for six months, but after that he is not restricted in time. If he is in a position to apply after waiting only sixty days, he must do so within a year. It may have been thought that when there are debts proved as well as assets in the hands of the assignee, there should be no requirement that the application for a discharge be made within a year after the adjudication, but that when there are either no debts proved or no assets, there ought to be such a requirement. It is difficult, indeed, to see a reason for such a distinction, but not more difficult than it is to see why there should be such a requirement in any case. The provision in section twenty-one against unreasonable delay will not work more in the interest of creditors, by reason of such requirement, because by virtue of such requirement a delay of a year, which might otherwise be unreasonable, is made reasonable.

Still, in view of the decision before referred to, and of the fact that there would be greater mischief in granting a discharge in this case on a mistaken view of the statute than in erroneously withholding one, I shall refuse a discharge, with a view to afford an opportunity for a review of the question involved by the circuit court on a proper proceeding to be instituted under section 2 of the act.

[See Cases Nos. 5,773 and 5,775 for other stages of this same proceeding.]